# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-0472V

|  |  |
|---|---|
| PETER TATUM,<br><br>  Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>  Respondent. | Chief Special Master Corcoran<br><br>Filed: November 10, 2025 |

*Elizabeth Ellis Simek*, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.

*Margaret Armstrong*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 28, 2024, Peter Tatum filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration as a result of a human papillomavirus vaccine he received on January 17, 2023, or in the alternative, as a result of a tetanus, diphtheria, and pertussis vaccination also administered on January 17, 2023. Petition, ECF No. 1. On July 16, 2025, I issued

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 28.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $69,825.11 (representing $69,002.10 in fees plus $823.01 in costs). Application for Attorneys' Fees and Costs ("Motion") filed August 12, 2025, ECF No. 33. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 36.

Respondent reacted to the motion on August 26, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but opposing the hourly rate increase requested by Ms. Simek and deferring resolution of the amount to be awarded to my discretion. Response at 2-3, ECF No. 35. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl.

Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed by Jonathan Svitak through 2025 are reasonable and consistent with our prior determinations and will therefore be awarded herein. However, the rates requested for work performed by Elizabeth Simek and Joseph Shannon require adjustment.

Attorney Elizabeth Simek was previously awarded lesser rates of $492.00 for work performed in 2023 and $530.00 for work performed in 2025. See *Fredericks v. Sec'y of Health & Human Servs.*, No. 23-2030V, 2025 WL 2588963 (Fed. Cl. Spec. Mstr. Aug. 11, 2025); *Alba v. Sec'y of Health & Human Servs.*, No. 23-2098V, 2024 WL 5321762 (Fed. Cl. Spec. Mstr. Dec. 13, 2024). Joseph Shannon was previously awarded a lesser rate of $500.00 for work performed in 2023. See *Wood v. Sec'y of Health & Human Servs.*, No. 24-0130V, 2025 WL 2160720 (Fed. Cl. Spec. Mstr. June 25, 2025). I find no reason to deviate from these reasoned determinations and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson v. Sec'y of Health & Hum. Servs.*, No. 19-1882V, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I hereby reduce both attorney rates to be consistent with *Fredericks, Alba,* and *Wood*. **Application of the foregoing reduces the amount of fees to be awarded by $964.60.**[3]

## ATTORNEY COSTS

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 33-4. Respondent offered no specific objection to costs claimed. I find the requested costs reasonable and hereby award them in full.

---

[3] This amount consists of reducing attorney Elizabeth Hess' rates for years 2023 and 2025 and reducing Joseph Shannon's rate for 2023 and is calculated as follows: ($560.00 - $530.00 = $30.00 x 28.20 hrs.) + ($500.00 - $492.00 = $8.00 x 11.70 hrs.) + ($550.00 - $500.00 = $50.00 x 0.50 hrs.) = $964.60.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $68,860.51 (representing $68,037.50 in fees plus $823.01 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

                                                         <u>s/Brian H. Corcoran</u>
                                                         Brian H. Corcoran
                                                         Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.